UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X
CHANA POSNER,                                                   :
                                                                :       Case No.:
           Plaintiff,                                           :
                                                                :       COMPLAINT
  -  against  -                                                 :
                                                                :
UNITED COLLECTION BUREAU, INC,                                  :
                                                                :
           Defendant.                                           :
\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\-\- X

CHANA POSNER (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, complains, states and alleges against UNITED COLLECTION BUREAU, INC (hereinafter referred to as "Defendants"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York residing in Kings County, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a(3).

6. On information and belief, Defendant is a foreign entity collection law firm with its principle office located at 5620 Southwyck Blvd, Suite 206, Toledo, OH 43614.

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) in that they regularly engaged in collections of debts allegedly owed by consumers subject to the FDCPA.

## **ALLEGATIONS**

8. Upon information and belief, on a date better known by Defendant, a consumer debt belonging to the Plaintiff was assigned or otherwise transferred to Defendants for collection.

9. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

10. The debt was assigned to Defendant after the account was already in default.

11. Plaintiff is a "consumer" as the phrase is defined and applied under 15 U.S.C. § 1692a of the FDCPA.

12. As a background to this debt, Defendant was hired to collect a debt owed by Plaintiff on a CitiBank account and sent collection letters to Plaintiff as well as presumably calling the Plaintiff in its attempts to collect the debt.

13. Plaintiff unfortunately has too many financial obligations and tries to juggle as much as she can with work and life, and sometimes its too much to deal with collection agencies harassing her by phone.

14. Defendant started sending collection letters to Plaintiff at her address at 580 Crown St APT 513 Brooklyn NY 11213, and sent her letters on or about July 26, 2021 as well as September 10, 2021. See the July 26, 2021 and September 10, 2021 letters attached hereto as Exhibit 1.

15. Defendant clearly knew Plaintiff's address as if Plaintiff is in receipt of the letters, Defendant clearly did not get a mail return indicating that the address was incorrect.

16. However, right before thanksgiving, on or about November 20, 2021, Plaintiff and her husband was approached by her sister-in-law with a letter from Defendant addressed to Plaintiff regarding her outstanding debt. See the November 11, 2021 letter attached hereto as Exhibit 2.

17. As most relatives often do, she started inquiring into their financial wellbeing and asking if they needed help.

18. Plaintiff was furious as she did not need her personal financial troubles broadcasted to her family members.

19. Plaintiff inquired how she came into possession of the letter, and her sister-in-law stated that she received it in the mail to her apartment.

20. Reviewing the letter, the letter is addressed to 580 Crown St APT 504 Brooklyn NY 11213. See Exhibit 2.

21. Plaintiff does reside in the same apartment building as her sister, but they live in two separate apartments and do not share the same mail.

22. Plaintiff resides in 580 Crown St APT 513 Brooklyn NY 11213 for many years, which can easily be verified by the DMV, Post Office, or any other reliable source. See Plaintiff's driver's license attached hereto as Exhibit 3.

23. However, the November letter, unlike the previous letter, was for some reason addressed to apartment 504 (Plaintiff's sister-in-law) instead of the correct apartment 513 (Plaintiff). See Exhibits 1 and 2.

24. Plaintiff was shocked as to why they would have changed the address, and then her sister-in-law chimed in that Defendant called her about the debt and she didn't didn't know what they were talking about so they said they would send her a letter regarding the account.

25. Plaintiff was more irate, as she knew that whenever she gets calls from collection agencies they always ask her to identify herself and confirm her identity with her social security number, date of birth, or other private information.

26. Plaintiff was astounded that they would have a conversation with a person who obviously would have given out totally different identifying information, as Plaintiff and here sister-in-law do not share the same date of birth or social security number or phone number or address.

27. Yet despite the above, Defendant still discussed the account in detail with her sister-in-law, a person not on the account, and who Plaintiff never provided authority to discuss the account.

28. Furthermore, Defendant allowed Plaintiff's sister-in-law to update Plaintiff's address to her own address, and Defendant sent out Plaintiff's confidential debt information to an unverified person.

29. Despite residing in APT 513, the Defendant served a collection letter against the Plaintiff in APT 504, for the collection of said debt. See the Exhibit 2.

30. Any collection agency with policies and procedures set in place would have done its due diligence to confirm that the person they are speaking to is actually the debtor, as well as to confirm the correct address and determine who's address it was and make sure that it is serving the collection letter to the correct address.

31. As Defendant was aware of the previous collection letters, when it noticed a difference in apartment numbers Defendant should have at least asked did you move from apartment 513, which should have triggered a response that maybe you are trying to reach my sister-in-law.

32. The mailings and pleadings are a "communication" as defined by 15 U.S.C. § 1692a(2).

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

33. Plaintiff repeats the allegations contained in paragraphs above as if the same were set forth at length.

34. Defendant violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

35. By Defendant's actions as set forth above, Defendant violated;

    a. 15 U.S.C. § 1692 et seq. of the FDCPA in connection with its communications sent to Plaintiff;

    b. 15 U.S.C. § 1692c(b) prohibits a debt collector to communicate with any person other than the consumer without the prior permission of the debtor;

    c. 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse Plaintiff;

    d. 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect a debt from Plaintiff; and

    e. 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

## JURY DEMAND

36. Plaintiff hereby demands a trial of this action by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Statutory and actual damages against Defendants pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees, costs and expenses pursuant to 15 U.S.C. § 1692k; and

c. Awarding pre-judgment and post-judgment interest; all together with

d. Such other relief that the Court determines is just and proper.

Dated: December 28, 2021

Brooklyn, New York


  /s/ Joseph Balisok_____
Joseph Balisok, Esq.
251 Troy Ave
Brooklyn, NY 11213
Office (718) 928-9607
Fax (718) 534-9747
Joseph@LawBalisok.com
Zalman@LawBalisok.com
Attorney for Defendant